IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT MORRIS,<br><br>  Plaintiff,<br><br>v.<br><br>THENA POTEAT, SHERI BUETTNER, MELVIN HINTON, MATTHEW DULANEY, SERGEANT EDWARDS, LIEUTENANT LYNCH, and ANTHONY WILLS,<br><br>  Defendants. | Case No. 24-cv-2040-NJR |

## MEMORANDUM AND ORDER

**ROSENTENGEL, Chief Judge:**

  Plaintiff Robert Morris, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Morris alleges he was denied mental health treatment, bullied, and sexually assaulted. He raises claims under the First, Eighth, and Fourteenth Amendments.

  This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

Morris alleges that he has received mental healthcare for his mental conditions both before his incarceration and while incarcerated (Doc. 1, p. 27). He was previously labeled with a serious mental illness and prescribed Wellbutrin for his depression and anxiety (*Id*.). Morris received a prescription for Wellbutrin while previously housed at Stateville, Menard, and Pontiac Correctional Centers (*Id*. at pp. 27-28).

In August 2021, Morris transferred back to Menard. Morris alleges that Dr. Thena Poteat discontinued his prescription for Wellbutrin (*Id*. at p. 28). Morris filed a grievance about his medication and met with Dr. Poteat, but she threatened to take all of Morris's medications, and all of his clothes, if he did not behave (*Id*.). Morris informed security staff that Dr. Poteat's statement about his clothes amounted to sexual harassment, but the guards laughed at him (*Id*.). For months after the appointment, Lieutenant Lynch, Sergeant Edwards, and Officer Dulaney made jokes about Morris's sexual allegations against Dr. Poteat (*Id*.).

In May 2022, Morris again saw Dr. Poteat, and she accused Morris of lying in group about cocaine (*Id*. at p. 29). She allegedly said: "let me suck your dick myself and I'll determine if you said it or not." (*Id*.). Morris threatened to report Dr. Poteat for her statements. On June 19, 2022, Morris submitted a grievance complaining that he was not receiving his Wellbutrin and informing grievance officials that there would be video of him reporting his lack of medication to mental health staff (*Id*.). His grievance informed Warden Anthony Wills that mental health staff denied him proper medication for his

mental health condition (*Id*.). He also asked to be transferred to a residential treatment center for his serious mental illness (*Id*.).

Due to his lack of medication, Morris alleges that he suffered withdrawals and ultimately passed out for over 72 hours (*Id*.). He failed to receive any assistance and his cell lacked an emergency call button (*Id*.). Morris alleges that "staff" lied in the books to indicate that they conducted checks on the cells. During the summer of 2022, Morris's mother called Dr. Melvin Hinton to make him aware of his staff's misbehavior (*Id*. at p. 30). Morris later learned from Sheri Buettner that her boss, Dr. Hinton, sent her to conduct a wellness check on Morris (*Id*.). Morris informed Buettner that he needed to be placed back on his medication and transferred to a place where he could receive mental health care (*Id*.). He also informed her that his medical records were not accurate (*Id*.). But Buettner disputed that Morris's medical records were inaccurate and informed Morris that he would no longer receive Wellbutrin from Dr. Hinton (*Id*.). He also did not qualify for a transfer to a facility for higher care (*Id*.).

In the fall of 2022, Morris wrote Warden Wills about the issues with medical and mental health staff, including the actions of Dr. Poteat, Buettner, Dulaney, Edwards, and Lynch (*Id*. at p. 30). He also informed Wills that his medical records were not accurate, and he experienced bullying and other sexual acts (*Id*.). Warden Wills conducted a tour of the unit, and Morris handed a lieutenant a message for Wills detailing his concerns (*Id*. at pp. 30-31). The lieutenant, however, informed Morris that Warden Wills had more important work to do (*Id*. at p. 31).

Morris also alleges that he was subjected to sexual trauma but is unable to write about the event due to emotional trauma (*Id.* at p. 31). He alleges that he was sexually assaulted by one of the mental health professionals and that other staff refused to take his complaints after the event seriously (*Id.*). He points to his grievance, which states that on December 22, 2022, Dr. Poteat inappropriately touched him and then performed oral sex (*Id.* at pp. 21, 23). He also points to a PREA investigation report which notes that he accused Dr. Poteat of sexual assault (*Id.* at p. 25). Morris alleges he was denied a rape kit, his grievances regarding the incident were denied, and staff failed to protect him from the assault (*Id.* at p. 32).

## **Preliminary Dismissals**

Morris alleges that all defendants violated his Eighth and Fourteenth Amendment rights and that Dr. Poteat violated his First, Eighth, and Fourteenth Amendment rights. He alleges that the defendants committed a sexual act, denied his request for a rape kit, denied his grievances, failed to protect him, and bullied him (Doc. 1, p. 32). But his allegations fail to implicate the First or Fourteenth Amendments. Morris also alleges that he was denied care, including a rape kit, after the incident and officials failed to properly investigate his claims, but he fails to allege any of the named defendants' involvement in his care or investigation.

Further, Morris alleges that Dulaney, Edwards, and Lynch made jokes about Morris's complaints regarding Dr. Poteat's earlier actions, including her statement that she could take away his clothes. But Morris fails to allege that the officers did anything other than make jokes about Morris's concerns. Verbal harassment alone does not rise to

4

the level of a constitutional violation. *DeWalt v. Carter*, 224 F.3d 607, 612 ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."). Nor is there any indication as to the nature of those statements.

Further, there are no allegations to suggest that any of the officers failed to protect Morris from any future assault by Dr. Poteat. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996) (A plaintiff also must show that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing "that he complained to prison officials about a specific threat to his safety."). There are no allegations suggesting that they were aware that Dr. Poteat posed a substantial and impending threat to Morris's safety. Thus, any potential claim against Dulaney, Edwards, and Lynch is **DISMISSED without prejudice**.

Morris also alleges that Anthony Wills failed to remedy his concerns, but there is no indication that Wills was aware of any of Dr. Poteat's actions or Morris's lack of medication. *See Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999) (stating that the relevant inquiry is whether defendants "actually knew about the plaintiff's condition, not whether a reasonable official should have known"). Although Morris alleges that he wrote to Wills, the allegations do not suggest that Wills received or reviewed the letter. Nor is there any indication that Morris was able to speak to Wills about his concerns on the day he toured Morris's cellhouse. In fact, Morris alleges that a lieutenant prevented him from speaking to Wills. And Wills's denial of Morris's grievance does not state a claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *Grieveson v. Anderson*, 538 F.3f 763, 772 n.3 (7th

5

Cir. 2008). Thus, any potential claim against Anthony Wills is also **DISMISSED without prejudice**.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts:

> **Count 1:** Eighth Amendment deliberate indifference claim against Dr. Thena Poteat, Sheri Buettner, and Dr. Melvin Hinton for discontinuing and refusing to renew Morris's prescription for Wellbutrin.
>
> **Count 2:** Eighth Amendment cruel and unusual punishment claim against Dr. Thena Poteat for allegedly threatening to assault Morris and then sexually assaulting him on December 22, 2022.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

At this stage, Morris states a viable claim in Count 1 against Dr. Thena Poteat, Sheri Buettner, and Dr. Melvin Hinton. Morris adequately alleges that the mental health staff members improperly discontinued his Wellbutrin and refused his requests to prescribe the drug to him.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Morris also states a viable claim against Dr. Poteat in Count 2 for her alleged sexual attacks on Morris. He alleges that Dr. Poteat sexually assaulted him on December 22, 2022. He also alleges that prior to that assault, Dr. Poteat threatened to sexually assault him May 2022. These allegations state a viable claim at this stage. *See Beal v. Foster*, 803 F.3d 356, 357 (7th Cir. 2015) (verbal sexual harassment accompanied by physical conduct, which caused psychological trauma and placed inmate in danger of assault, stated Eighth Amendment claim).

## Motion for Counsel

In Morris's motion for counsel (Doc. 2), he notes that he has not found an attorney on his own. But Morris fails to describe the efforts he made to obtain counsel on his own. He does not identify any attorney he contacted or include any letters from attorneys declining to take his case. Thus, the Court finds that Morris has not demonstrated that he has made a reasonable attempt to obtain counsel on his own. *See Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). His motion for counsel (Doc. 2) is **DENIED**. Should he choose to move for recruitment of counsel at a later date, the Court directs Morris to (1) contact at least **three** attorneys regarding representation *in this case* prior to filing another motion, (2) include in the motion the name and addresses of at least three attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation. If he is unable to contact an attorney, he should include a statement explaining why he cannot meet this threshold requirement. Morris should also include in his motion a specific statement as to why he believes recruitment of counsel is necessary in his case.

**Disposition**

For the reasons stated above, Count 1 shall proceed against Dr. Thena Poteat, Sheri Buettner, and Dr. Melvin Hinton. Count 2 shall proceed against Dr. Thena Poteat. All other claims and defendants are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants Dr. Thena Poteat, Sheri Buettner, and Dr. Melvin Hinton:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Morris. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Morris, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

**Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Because Morris's claims involve his medical and mental health care, the Clerk of Court is **DIRECTED** to enter the Court's standard HIPAA Qualified Protective Order.

If judgment is rendered against Morris, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Morris is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:  October 30, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**